UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY V. MAESTAS,<br><br>               Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY JAIL, *et al.*,<br><br>               Defendants. | Case No. 2:21-cv-0665-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 11<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT, OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

      Plaintiff Randy V. Maestas bring this 42 U.S.C. § 1983 action and alleges that unnamed medical providers employed by the Sacramento County Jail violated his Eighth Amendment rights by denying him surgery for a hernia.[1]  ECF No. 1 at 3.  Plaintiff admits, however, that he did not exhaust his administrative remedies before filing this suit.  I will give him leave to amend

---

[1] Plaintiff refers to his condition as a "herona," but his description of his symptoms and the similarity in spelling leads me to believe that he is referencing a hernia.

1

his complaint and to explain why he should be allowed to proceed in spite of his failure to exhaust. Additionally, plaintiff has filed an application to proceed *in forma pauperis* (ECF No. 11) which makes the proper showing and which I will grant.[2]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[2] Plaintiff must pay the requisite filing fee in accordance with the concurrently filed collection order.

**Analysis**

Plaintiff initiated this action on April 14, 2021 and alleges that he was denied a hernia surgery which resulted in serious injury. ECF No. 1 at 3. His failure to exhaust his administrative remedies is evident from the face of the complaint.

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). "There is no question that exhaustion is mandatory under the PLRA[.]" *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in *Ross*, 136 S. Ct. at 1856). The administrative exhaustion requirement is based on the important policy concern that prison officials have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

Plaintiff admits that he has not yet completed the grievance process for the claim at issue. ECF No. 1 at 3, 4, 5 (checking the boxes for "No" in response to the questions, "Did you appeal your request for relief on Claim I [, 2, and 3] to the highest level?"). Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166; *see also Jones*, 549 U.S. at 215 (finding dismissal appropriate when an affirmative defense appears on the face of the complaint).

If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Before recommending dismissal, however, I will give plaintiff leave to amend his complaint. If he files an amended complaint, he should confirm whether he has exhausted his administrative remedies. If he has not, he should allege why, if at all, this action should proceed. Additionally, he is

advised that no defendant can be served unless he or she is named. A complaint that refers only to unnamed medical providers is unlikely to proceed to service.

If plaintiff stands by his complaint, I will recommend dismissal. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint has been filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 11, is GRANTED.
2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
3. Failure to comply with this order may result in the dismissal of this action.
4. The Clerk of Court is directed to send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   September 21, 2021                            _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

4