UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY V. MAESTAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY JAIL,<br><br>　　　　Defendant. | Case No.  2:21-cv-00665-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 19<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff alleges that various unnamed defendants violated his Eighth Amendment rights by denying him adequate medical care at the Sacramento County Jail.  ECF No. 19 at 3-5.  His allegations are too vague to state viable section 1983 claims.  This is plaintiff's second non-viable complaint.  I will give him a final opportunity to amend before I recommend that this action be dismissed.

**Screening and Pleading Requirements**

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff makes numerous allegations related to his medical care but does not adequately associate his claims with any defendant. First, he alleges that an unnamed member of the psychiatric staff and some "cops" ignored his soiled diapers. ECF No. 19 at 3. He provides no other factual context for this claim. Second, he alleges that he was prescribed or given the wrong medications. *Id.* Third, he claims that he was deprived of food for two days. *Id.* Fourth, he claims that he was refused a referral to an outside hospital. *Id.* at 4. Plaintiff does not allege who was responsible for the second or third claims. He associates the fourth claim with an unspecified number of doctors, nurses, and "cops." *Id.* at 5.

These allegations do not appear sufficiently related to proceed in the same suit. And, even if that were not the case, they cannot proceed unless plaintiff provides additional context. He must do more to differentiate the various defendants to which he alludes. Even if he cannot provide their names, he should provide some identifying information, such as gender, specific occupational titles, and the dates on which he encountered each defendant. Vague references to unnamed and unnumbered doctors, nurses, and correctional officers will not suffice. Plaintiff will have one final opportunity to file an amended complaint before I recommend that this action be dismissed.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 27, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3