1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY V. MAESTAS,                        Case No.  2:21-cv-00665-JDP (PC)

12              Plaintiff,                     ORDER DIRECTING THE CLERK OF
                                               COURT TO ASSIGN A DISTRICT JUDGE
13        v.                                   TO THIS ACTION

14   SACRAMENTO COUNTY JAIL,                   FINDINGS AND RECOMMENDATIONS
                                               THAT PLAINTIFF'S SECOND AMENDED
15              Defendants.                    COMPLAINT BE DISMISSED WITHOUT
                                               LEAVE TO AMEND FOR FAILURE TO
16                                             STATE A CLAIM

17                                             ECF No. 24

18                                             FOURTEEN-DAY DEADLINE

19

20

21        Plaintiff Randy Maestas proceeds on this second amended complaint, alleging that various

22   defendants at the Sacramento County Jail violated his Eighth Amendment rights by denying him

23   adequate medical care.  ECF No. 24.  His allegations, however, are difficult to understand and do

24   not adequately put any defendant on notice of the claims against him or her.  In my last screening

25   order, I warned plaintiff that this would be his final opportunity to amend before I recommended

26   that this action be dismissed.  *See* ECF No. 23 at 3.

27

28

                                            1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Screening Order**

**I.       Screening and Pleading Requirements**

A federal court must screen a pro se litigant's complaint.  *See* 28 U.S.C. § 1915(e)(2).
The court must identify any cognizable claims and dismiss any portion of the complaint that is
frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief,
Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Analysis

Plaintiff's allegations could be described as an uncontextualized jumble of names, position titles, and injuries.  In his first claim, he references a hernia injury, a nervous breakdown, and unspecified problems with his ribs and kidney.  ECF No. 24 at 3.  He does not connect the alleged failures to treat these conditions to any of the listed defendants.  Plaintiff's other two claims, involving a broken nose and complications from hernia surgery, are no more viable.  While I am sympathetic to plaintiff's allegations of poor care and the litany of ailments that are alleged to have afflicted him, I cannot serve this complaint.  No defendant could be reasonably expected to understand, from this complaint, how he or she is alleged to have violated plaintiff's rights.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (observing that the purpose of the complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation marks and citations omitted).

I find that leave to amend would be futile.  This is plaintiff's third complaint, and he is no closer to meeting the federal pleading standards.

It is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, I RECOMMEND that plaintiff's second amended complaint, ECF No. 24, be dismissed without leave to amend.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    __August 8, 2022__                              _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE